UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:10-cr-00026-JMS-CMM-03 |
| | ) | |
| MARIO RODAS, also known as RUBEN ECHAVARRIA, also known as GUATEMALA, also known as JULIO CESAR ZAMORA, (03), | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PENDING MOTIONS**

Presently pending before the Court are a Motion for Reconsideration, [Filing No. 1036], and a Motion Requesting Status regarding the reconsideration, [Filing No. 1043], both filed by Defendant Mario Rodas. Mr. Rodas previously sought a reduction in his sentence, [Filing No. 993], which the Court denied on October 26, 2016, [Filing No. 1026]. Mr. Rodas asks the Court to reconsider that ruling.

In his prior motion, Mr. Rodas sought application of Amendment 782, enacted by the United States Sentencing Commission, which lowered the guideline range for most drug offenses, and the amendment was made retroactive. In its earlier ruling, the Court noted that Amendment 782 did not result in a reduction of the advisory guideline range for Mr. Rodas' case because of the amount of drugs involved. Put another way, the Court found that the base offense level for the offense was the same after Amendment 782 as it was at sentencing, given the high quantity of drugs attributed to Mr. Rodas. The Court also noted that Mr. Rodas had pled guilty pursuant to a binding plea agreement, agreeing to a sentence of 240 months.

1

In the Motion for Reconsideration, Mr. Rodas argues that the 782 reduction does impact his guideline calculation, and that the guidelines were used in determining his sentencing range, such that he should qualify for the 782 reduction. [Filing No. 1036.]

The Government opposes the motion, reiterating that Mr. Rodas entered into a binding plea agreement, [Filing No. 788], calling for a specific sentence of 240 months, without reference to the guideline calculation. The agreement stated:

> 2. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that a sentence of 240 months' imprisonment and a term of supervised release and fine as imposed by the Court is the appropriate disposition of the case.

[Filing No. 788 at 2.] The Government also notes that Mr. Rodas' plea agreement contains a complete waiver of any right to appeal his sentence or seek a modification. Indeed it does: "… Rodas expressly agrees not to contest, or *seek to modify*, his conviction *or his sentence or the manner in which it was determined in any proceeding*...." [Filing No. 788 at 4 (emphasis added).]

A motion to reconsider is appropriate where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Broadus v. Shields,* 665 F.3d 846, 860 (7th Cir. 2011) *(*overruled in part on other grounds*, Hill v. Tangherlini,* 724 F.3d 965 (7th Cir. 2013)); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Having reviewed the sentencing transcript in this case, the Court finds it could have been more clear as to its determination of the quantity of drugs attributable to Mr. Rodas. Accordingly,

to the extent that the Court's earlier ruling denied Mr. Rodas' motion based on drug quantity, that ruling is reconsidered.[1] Even so, the ultimate outcome does not change.

Mr. Rodas pled guilty and was sentenced to 240 months pursuant to a binding 11(c)(1)(C) plea agreement that was not tied to a specific drug quantity or guideline calculation. Indeed, the agreed upon sentence was below the range applicable for the guideline range to which the parties stipulated. [Filing No. 788 at 5.] In *Freeman v. United States,* 131 S.Ct. 2685 (2011) (Sotomayor, J., concurring), the Court explained that under the present circumstances, a 782 motion should be denied. The influence a potential guideline calculation may have had on Mr. Rodas' willingness to enter the agreement does not alter the nature of the agreement. The Seventh Circuit has stated, "[a]ll that matters is whether the parties' binding plea agreement was expressly based on the Sentencing Guidelines, not whether the Guidelines informed the parties' decision to enter into the agreement or whether the Guidelines informed the court's decision to accept the agreement." *United States v. Dixon,* 687 F.3d 356, 361 (7th Cir. 2012).

Moreover, Mr. Rodas did in fact waive his right to seek a sentence modification as noted above. His plea agreement provided: "… Rodas expressly agrees not to contest, or *seek to modify*, his conviction *or his sentence or the manner in which it was determined in any proceeding*...." [Filing No. 788 at 4 (emphasis added).] During his sentencing, the Court made clear the extent of the waiver:

> THE COURT: Okay. Basically, what it means is, you are giving up any rights that you have to challenge your sentence or the manner in which it's imposed or your conviction in any way. You are agreeing that, because of this agreement and the

---

[1] The Court notes that while it could have been more clear, Mr. Rodas was in fact clear at his sentencing hearing that he did not wish to respond to the Government's proffer as to the drug quantity. [Filing No. 1017 at 34.]

> government's agreement that your sentence will be limited to 20 years, as well as the other terms of the plea agreement, that it's a done deal, it's the final decision, and you can't challenge it in any other way. Do you understand?
>
> THE DEFENDANT: Yes.

[Filing No. 1017 at 23.]

For these reasons, the Court concludes it correctly determined that Mr. Rodas is not entitled to the benefit of Amendment 782, and his Motion for Reconsideration, [Filing No. 1036], is **DENIED.** Given the issuance of this entry, the Motion Requesting Status, [Filing No. 1043], is **DENIED AS MOOT**.

Date: June 22, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Mario Rodas
09860-028
FCI Littleton
9595 W. Quincy Ave.
Littleton, CO 80123

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

4