UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:10-cr-026-JMS-CMM-03 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARIO RODAS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10-cr-00026-JMS-CMM |
| ) | |
| MARIO RODAS, ) | -03 |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Mario Rodas seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 1134. For the reasons explained below, Mr. Rodas's motion is **denied**.

**I. Background**

In 2012, Mr. Rodas pled guilty to one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (b). Dkt. 893. The Court sentenced him to concurrent terms of 240 months of imprisonment on each count, to be followed by 5 years of supervised release.

Mr. Rodas filed his motion for compassionate release pro se.[1] Dkt. 1134. In his submission, Mr. Rodas argues that he establishes extraordinary and compelling reasons for compassionate release

---

[1] In his motion, Mr. Rodas requested the appointment of counsel to represent him in this matter by marking a check box. Dkt. 1134 at 10. Mr. Rodas does not provide any further information about his need for counsel. There is no statutory authority requiring the Court to appoint defense counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Thus, any request for the appointment of the federal public defender's office is denied.

The Court also finds that Mr. Rodas is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (cleaned up). The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be

because he is at risk of severe illness should he contract COVID-19 due to his underlying medical condition (being a former smoker). Dkt. 1134. Mr. Rodas also appears to separately argue that his medical conditions alone are an extraordinary and compelling reason to grant release. Mr. Rodas next argues that the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022) establishes an extraordinary and compelling reason to grant compassionate release. Mr. Rodas also appears to suggest that the monkeypox cases in some prisons is an extraordinary and compelling reason to grant release, as well as his desire to help care for his aging parents. Finally, Mr. Rodas argues that he has substantially rehabilitated himself while in prison. The Court concludes that it can resolve the motion without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he

---

determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Rodas has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His request for assistance with recruiting counsel must therefore be denied.

3

movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Rodas's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). It is not clear whether Mr. Rodas is fully vaccinated. Nevertheless, he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. Rodas "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). For these reasons, the Court declines to exercise its discretion to find that Mr. Rodas has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or with any other reason. *Barbee*, 25 F.4th at 533.

Mr. Rodas also appears to argue that he should be released because of his medical conditions, but Mr. Rodas does not specify what his medical conditions are other than being a former smoker and

taking daily medication for "his stomach and vision." Dkt. 1134 at 13. These health conditions, however, are not an extraordinary and compelling reason to release Mr. Rodas, whether considered alone or together with any other reason. Mr. Rodas does not argue that he is unable to engage in self-care in the prison or that he is otherwise incapacitated due to these conditions. In fact, in his motion, Mr. Rodas states that he plans to get a construction-based job upon release and notes that he does not require any help with daily self-care in prison. Dkt. 1134 at 12-13. Based on these facts, the Court declines to exercise its discretion to find that Mr. Rodas's medical conditions constitute an extraordinary and compelling reason for compassionate release, whether considered alone or together with any other reason.

The exact nature of Mr. Rodas's *Concepcion* argument is not clear. The Court can only surmise that Mr. Rodas believes that due to changes to sentencing laws, he would receive a shorter sentence if sentenced today. That argument is unavailing, whether considered alone or together with any other reason. A nonretroactive change to a mandatory-minimum sentence is not an extraordinary and compelling reason for compassionate release. *United States v. Thacker*, 4 F.4th 569, 574–75 (7th Cir. 2021). *See also United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). And the Seventh Circuit has repeatedly held that

> "nothing in *Concepcion* calls into question our decision in *Thacker*," *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022), because *Concepcion* does not bear on *Thacker's* "threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release," *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022). In answering that threshold question, "judges must not rely on non-retroactive statutory changes" to the law. *Id.* at 595.

*United States v. McIntosh*, No. 22-2326, 2023 WL 3409487, at *1 (7th Cir. May 12, 2023).

Mr. Rodas also briefly refers to the fact that monkeypox cases have allegedly tripled in the last three weeks and cases have been reported in 40 states. Dkt. 1134 at 4. Mr. Rodas has put forth no evidence to suggest that monkeypox is running rampant in his facility let alone that he is at

particularized risk of a bad outcome. *See United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument regarding conditions). Thus, the Court declines to exercise its discretion to find that his risk from monkeypox is an extraordinary and compelling reason to grant him release, whether considered alone or together with any other reason.

Mr. Rodas next argues that his desire to help care for his sick and aging parents is an extraordinary and compelling reasons to grant him compassionate release. The nature of the help needed by his parents appears to be largely financial, dkt. 1142, and there is no evidence that they are incapacitated. Nevertheless, even if his parents were physically in need of Mr. Rodas's help, the Court would decline to exercise its discretion to find that that is an extraordinary and compelling reason to grant him release, whether considered alone or together with any other reason. Many inmates have aging and sick parents and family members whom they might like to support. The desire to care for an elderly or ill parent, however, is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting compassionate release to care for elderly or ill parent); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

That leaves Mr. Rodas with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Rodas has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. Rodas's rehabilitation, whether considered alone

6

or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

In sum, the Court does not find that any of the arguments made by Mr. Rodas establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Rodas's motion for compassionate release, dkt. [1134], is **denied**.

**IT IS SO ORDERED.**

Date: 6/22/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Mario Rodas
Register Number: 09860-028
FCI Victorville Medium I
Federal Correctional Institution
P.O. Box 3725
Adelanto, CA  92301