Case 2:10-cr-00026-JMS-CMM   Document 1179   Filed 07/02/24   Page 1 of 4 PageID #: 5950

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| United States of America | )  |
|---|---|
| v. | ) |
| MARIO RODAS | ) Case No: 2:10-CR-00026-JMS-CMM-03 |
|  | ) USM No: 09860-028 |
| Date of Original Judgment: 07/23/2012 | ) |
| Date of Previous Amended Judgment: _____ | ) Harold Samuel Ansell (prior) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ **DENIED.** ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 07/02/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-cr-00026-JMS-CMM |
| | ) | |
| | ) | |
| MARIO RODAS (03), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Mario Rodas (03) has filed a Motion to Reduce Sentence based on USSC Amendment 821. [1154].[1] Mr. Rodas was convicted of Count 1 conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and Count 2 conspiracy to commit money laundering. [893]. He received a sentence of 240 months pursuant to a binding plea agreement. [Id]. He seeks a relief under Amendment 821, "seeking a 2 point reduction due to falling within the acceptable criteria." [1154]. The Government has filed a Response in Opposition in which it asserts that Mr. Rodas is ineligible for any reduction because the amendment does not apply to him [1177].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Rodas. [1155]. Counsel was later granted leave to withdraw. [1167]. Mr. Rodas was afforded an opportunity to supplement his petition following the withdrawal [1168], but he did not.

U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

Beginning and ending with the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Rodas is ineligible for resentencing. As to the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Rodas is ineligible for resentencing because Mr. Rodas' ultimate sentence was based upon a binding plea and a statutory mandatory minimum of 240 months for Count 2. While the guideline range for Count 1 may have been lowered by tow levels, Amendment 821 did not alter the statutory mandatory minimum 240 months for Count 2 – which ran concurrent to Count I - and so provides Mr. Rodas no relief. The Court therefore does not proceed to step two under *Dillon*.

For the foregoing reasons, Mr. Rodas' Motion to Reduce Sentence [1154] is **DENIED.**

IT IS SO ORDERED.

Date: 7/2/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov


By U.S. Mail to:
MARIO RODAS
#09860-028
USP THOMSON U.S. PENITENTIARY
PO BOX 1002
THOMSON, IL 61285